683 S.E.2d 801

**In the Matter of Ivan N. WALTERS, Respondent.**

No. 26728.

Supreme Court of South Carolina.

Submitted Aug. 24, 2009.

Decided Sept. 28, 2009.

Lesley M. Coggiola, Disciplinary Counsel, and Susan B. Hackett, Staff Attorney, both of Columbia, for Office of Disciplinary Counsel.

Desa A. Ballard, of West Columbia, for respondent.

PER CURIAM.

In this attorney disciplinary matter, the Office of Disciplinary Counsel (ODC) and respondent have entered into an Agreement for Discipline by Consent pursuant to Rule 21, RLDE, Rule 413, SCACR. In the agreement, respondent admits misconduct and consents to a definite suspension from

the practice of law for twelve months. Respondent requests that the suspension be made retroactive to the date of his interim suspension, June 27, 2008. *In the Matter of Walters,* 378 S.C. 596, 663 S.E.2d 482 (2008). We accept the agreement and impose a definite suspension of twelve months, retroactive to the date of respondent's interim suspension. The facts, as set forth in the agreement, are as follows.

## FACTS

### Matter I

From April 2003 through October 2004, respondent committed a felony in violation of 18 U.S.C. § 4 in that, although he had knowledge of the actual commission of bank fraud, he concealed the information by failing to inform a judge or other person in authority of the felony. The Acting United States Attorney charged respondent by Information and respondent pled guilty on June 18, 2008. On October 17, 2008, respondent was sentenced to twenty-four (24) months probation, performance of 100 hours of community service, and participation in the home confinement program with electronic monitoring for a period of four (4) months. In addition, respondent was ordered to pay a fine of $3,000 and a special assessment of $100.

Respondent self-reported this matter to ODC.

### Matter II

Respondent completed a series of closings on the same piece of property. The last of the closings was for Mr. and Mrs. Doe who were the buyers of the property. At the time of that closing, the mortgage on the property was to be paid from the closing proceeds, however, it was not satisfied of record and no release was executed and filed. This failure complicated Mr. and Mrs. Doe's attempt to sell the property at a later date. Respondent claims he did not personally receive notice of the issues regarding the property until after Mr. and Mrs. Doe obtained the satisfactions they required.

Respondent admits he had previously represented a prior purchaser of the same property and that he failed to insure that the proper releases and/or satisfactions were filed by the lender after the July 7, 2005 closing.

## LAW

Respondent admits he has violated the following provisions of the Rules of Professional Conduct, Rule 407, SCACR: Rule 1.1 (lawyer shall provide competent representation); Rule 1.4 (lawyer shall keep a client reasonably informed about the status of a matter and promptly comply with reasonable requests for information); Rule 8.4(a) (lawyer shall not violate Rules of Professional Conduct); Rule 8.4(b) (lawyer shall not commit a criminal act that reflects adversely on the lawyer's honesty, trustworthiness or fitness as a lawyer in other respects); and Rule 8.4(d) (lawyer shall not engage in conduct involving dishonesty, fraud, deceit or misrepresentation). He further admits that his misconduct constitutes grounds for discipline under Rule 413, RLDE, specifically Rule 7(a)(1) (it shall be ground for discipline for lawyer to violate Rules of Professional Conduct or any other rules of this jurisdiction regarding professional conduct of lawyers), Rule 7(a)(4) (it shall be ground for discipline for lawyer to be convicted of serious crime or crime of moral turpitude), and Rule 7(a)(5) (it shall be ground for discipline for lawyer to engage in conduct tending to pollute the administration of justice or to bring the courts or the legal profession into disrepute or conduct demonstrating an unfitness to practice law).

## CONCLUSION

We accept the Agreement for Discipline by Consent and impose a definite suspension of twelve months from the practice of law, retroactive to the date of respondent's interim suspension. Within fifteen days of the date of this opinion, respondent shall file an affidavit with the Clerk of Court showing that he has complied with Rule 30, RLDE, Rule 413, SCACR.[1]

**DEFINITE SUSPENSION.**

TOAL, C.J., WALLER, PLEICONES, BEATTY and KITTREDGE, JJ., concur.

---

1. Respondent shall not file a Petition for Reinstatement until he has completed all conditions of his sentence. See Rule 33, RLDE, Rule 413, SCACR.